The plaintiff brought this action to enforce a contractual obligation of the defendant to pay his proportionate part of the cost of extending the dividing wall between the store of the plaintiff, and an adjoining store which the defendant had bought from the plaintiff shortly before the extension contract was made. The defendant pleaded a counterclaim for damages for fraud, alleging, in substance, that he had been induced to purchase his store to his injury by the false and fraudulent representation of the plaintiff that the entire original wall separating the two stores was of brick.
The parties stipulated at the trial that the plaintiff was entitled to recover the total sum of $1,770.75 of the defendant upon the cause of action set forth in the complaint, and in consequence the only issues left to the jury were those arising upon the counterclaim and the reply denying it. These were as follows:
1. Did the plaintiff falsely and fraudulently represent to the defendant that the wall in question was constructed of brick, as alleged in the answer of the defendant?
2. If so, what sum as damages therefor is the defendant entitled to recover of the plaintiff?
Each party offered testimony tending to sustain his position upon these issues. The jury answered the first issue "Yes," and the second issue "$1,800.00"; and the court entered a judgment awarding the defendant the difference between his recovery and his debt to plaintiff, i, .e., $29.25, and the costs. The plaintiff excepted and appealed, assigning errors.
The trial narrowed itself to a legal battle over sharply contested issues of fact. These were resolved in favor of defendant and against plaintiff by the agency created for that purpose by the Constitution, i.e., the petit jury. A painstaking consideration of all of the assignments of error convinces us that none of them are of sufficient moment to justify a new trial. For this reason, the judgment will be upheld.
No error. *Page 343